UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville ~~PENSACOLA~~ Division

PROVIDED TO GULF CI MAILROOM
OCT 0 2 2019
INMATE'S INITIALS J.K

## CIVIL RIGHTS COMPLAINT FORM

JOHN KERSEY

CASE NUMBER: 3:19-cv-1352-J-25JRK
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

JURY TRIAL DEMAND

v.

MARK S. Inch, Secretery
Florida Dept of Corrections;
Corizon Health care
Services Corporation;

Centurion Health care
Services, Nurse JANE DOE
DR. Colombani

(Enter full name of each Defendant.
If additional space is required, use the
blank area directly to the right).

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Gulf Correctional Institution
(Indicate the name and location)
500 Ike Steele Road, Wewahitchka, Florida 32465

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

III. PREVIOUS LAWSUITS:

DC 225 (Rev 2/2012)

1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): NONE

      Defendant(s): \\

   2. Court (if federal court, name the district; if state court, name the county): \\

   3. Docket Number: \\

   4. Name of judge: \\

   5. Briefly describe the facts and basis of the lawsuit: \\

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): \\

   7. Approximate filing date: \\

   8. Approximate disposition date: \\

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

DC 225 (Rev 2/2012)                        2

identify these suits below by providing the case number, the style, and the disposition of each case: _____

NONE

IV. **PARTIES**: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: John Kersey

Mailing address: Gulf C.I. 500 Ike Steele Road, Wewahitchka, Florida 32465

B. Additional Plaintiffs: _____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Mark S. Inch,

Mailing Address: 501 South Calhoun Street, Tallahassee Florida 32399

Position: Secretary

Employed at: Florida Dept. of Corr.

D. Defendant: Corizon Health Care Services

Mailing Address: 501 South Calhoun Street, Tallahassee Florida 32399

DC 225 (Rev 2/2012)   3

Position: Corporation

Employed at: Florida Dept. of Corr.

E. Defendant: Centurion Health Care Services

Mailing Address: 501 South Calhoun Street, Tallahassee Florida 32399

Position: Corporation

Employed at: Florida Dept. of Corr.

F. Defendant: JANE DOE

Mailing Address: 501 South Calhoun Street, Tallahassee, Florida 32399

Position: Nurse

Employed at: Florida Dept of corrections by contract under Centurion

G. Defendant: Colombani

Mailing Address: 501 South Calhoun Street, Tallahassee Florida 32399

Position: Physician/Doctor

Employed at: Florida Dept of corrections

V. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.** See attached Pages 6-6A

Delayed Medical care in Violation of U.S.C.A. 8TH 14TH

VI. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

1) Plaintiff alleges on or about November 15, 2015 he was incarcerated at Hampton Correctional Institution Annex under care, custody and control of defendant MARK S. INCH.

2) The Plaintiff alleges on or about November 15, 2015 defendant MARK S. INCH was under contract agreement with CORIZON Health Care Services A Corporation and defendant.

Continue pg. 6-6A

DC 225 (Rev 2/2012)                                        5

CLAIM TWO: Inadequate Medical care in Violation of U.S.C.A. 8TH, 14TH

SUPPORTING FACTS:

1) Plaintiff alleges and realleges the facts incorporated at Claim One Subparagraphs One (1) thru Eleven (11) for reference herein.

2) The Plaintiff alleges defendant Centurion Health care Services and John Doe Contract Physician, Through customary Policy of Practice has declined to Provide treatment for hip or Shoulder by An orthepedic specialist.

3) Plaintiff alleges the John Doe Contract Physician employed for defendent Centurion has restricted Pain Medication to only Ibuprofen tablets, which consists of only thirty (30) tablets to last Plaintiff A total of Ninety (90) days.

4) The Plaintiff alleges defendents MARK S. Inch and Centurion health care Services by Policy, demonstrates A total reckless disregard for A Serious medical need. The Standard enforced Subjects Plaintiff to risk of Potential Serious Physical injury and imminent danger of being totally disabled.

5) Plaintiff alleges defendents MARK S. Inch, John Doe Physician under contract with defendent Centurion Health care services Maintains An objective by Policy to disregard Serious Medical injuries because of Monetary Costs.

6) The Plaintiff alleges through Policy and

5-A

Practice defendants has shown A complete deliberate indifference to his serious medical needs, which remains currently untreated.

7) Plaintiff alleges the defendants herein were in fact pretending to act under color of law and is sole, proximate cause of damages.

CLAIM THREE: INADEQUATE GRIEVANCE PROCESS IN VIOLATION OF U.S.C.A. 14TH:
SUPPORTING FACTS:

1) Plaintiff alleges defendant MARK S. INCH has failed to supervise and monitor the prison grievance process effectiveness.

2) The Plaintiff alleges that by policy of Practice, defendant MARK S. INCH has permitted subordinates to disregard facts set forth in Claims one (1) and two (2) herein. The customary Practice has prohibited development of evidence for relief through grievance process.

3) Plaintiff alleges defendant neglect of official duties has demonstrated a total reckless disregard for enforcement of an adequate grievance process, that will protect the rights of the institutionalized person.

4) The Plaintiff alleges defendant at all times relevant herein was pretending to act under color of state law and is the sole and proximate cause of damages.

5-B

CLAIM FOUR: CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF U.S.C.A. 8TH, 14TH

SUPPORTING FACTS:

1) Plaintiff alleges and realleges the facts incorporated at Ground (claims) one (1) thru three (3) herein for reference.

2) The Plaintiff alleges failure to treat and monitor his serious medical injuries. Does subject him to potential risk of imminent danger and serious permanent injury.

3) Plaintiff alleges defendants identified herein neglect to treat demonstrates a total deliberate indifference to his serious medical needs, which could subject him to becoming a paraplegic due to lack of care.

4) The Plaintiff alleges defendants name herein were in fact pretending to act under color of state laws and is sole, proximate cause of damages.

5-e

3) Plaintiff alleges on or about November 15, 2015 defendents MARK S. Inch and Corizon health care Services operated under a Policy of Practice that restricted appropriate diagnose and prognose of Prisoners injuries for treatment due to monetary cost.

4) The Plaintiff alleges on or about November 15, 2015 he was severly beaten by three (3) unknown Correctional officials enroute to disciplinary confinement. Which resulted in shoulder and hip fractures.

5) Plaintiff alleges the Jane Doe (defendant) Nurse for intake screening of Pre-confinement, while acting under policy and customary practice of above defendents Corporation indicated by record. That no visible injuries exist and no outside medical treatment is required. For areas Plaintiff informed her was perhaps injured.

6) The Plaintiff alleges defendent Corizon employee T. Gaylord, health services administrator on January 15, 2016 validates the Plaintiff suffered with a 1.3 cm Fracture Fragment in right shoulder.
See Attached Page 6-A

VII.   **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

That surgery is required for hip and shoulder. (Exhibit-A-Corizon letter to Plaintiff dated January 15, 2016)

7) Plaintiff alleges defendant Doctor Colombani on or about November 20, 2015 declined to refer the Plaintiff to a orthepedic specialist. The defendent with a deliberate indifference to a serious medical need concluded general X-rays only substenhate a bruise on shoulder.

8) The Plaintiff alleges defendant Dr. Colombani is not trained or professional in field of radiology to identify physical injury. Defendent is a general prectioner.

9) Plaintiff alleges defendents named herein has never treated him for hip injury, which medical records concludes surgery is required. The defendents deliberate indifference to his hip injury has resulted in a degenerative condition of osteoarthritis within area. (Exhibit-A- confirmation of surgery).

10) The Plaintiff alleges defendents by policy or customary practice has never provided him with any form of therapy for shoulder, subsequent to surgery. Plaintiff contends the lack of treatment has left him a loss of sixty five percent mobility in shoulder area.

11) Plaintiff alleges the defendants at all times relevant were pretending to act under color of state law. That each defendant listed is sole and proximate cause of demeges.

6-A

1) That the defendants be sued in their official and individual capacity

2) That a jury grant Plaintiff Two Hundred and Fifty Thousand Dollars (250,000) in compensatory damages for medical expense, and actual physical injury

3) That a jury grant Plaintiff Five Hundred Thousand Dollars (500,000) in Punitive Damages for defendants reckless disregard for his Federal Protected rights

3) Grant any other relief court deem Fair

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _____ day of September, 2019.

_____

(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the _____ day of _____, 20____.

DC 225 (Rev 2/2012)                    7