UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN WILL KERSEY,

          Plaintiff,

v.                            Case No. 3:19-cv-1352-HLA-JRK

CORIZON HEALTH CARE SERVICES,
et al.,

          Defendants.

_____/

## ORDER

Plaintiff, an inmate of the Florida penal system, is proceeding on a pro se Second Amended Civil Rights Complaint. (Doc. 59, Sec. Am. Compl.). The Court has granted him leave to proceed in forma pauperis. (See Doc. 3). Plaintiff names four defendants, each of whom he sues in their individual and official capacities: (1) Corizon Health Care Services ("Corizon"), (2) Centurion of Florida, LLC ("Centurion"), (3) Nurse Jennifer[1] Fuller, and (4) Dr. Leslie Colombani. Sec. Am. Compl. § I.B. He raises allegations of "Inadequate Medical Care," "Delayed Medical Care," and "Cruel + Unusaul [sic] punishment," in violation of the Eighth and Fourteenth Amendments.

---

[1]    Plaintiff identifies this defendant as "Jane Fuller," but her correct name is Jennifer Fuller. (See Doc. 60, Motion to Dismiss by Corizon, Fuller, and Colombani at 1 n.3).

This case is before the Court on "Defendants Corizon Health, Inc., Dr. Leslie Colombani and Jennifer Fuller's Motion to Dismiss or for Summary Judgment" (Doc. 60, Corizon's Motion to Dismiss), and Defendant Centurion of Florida, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 62, Centurion's Motion to Dismiss). Plaintiff has responded in opposition to both motions. (Doc. 63, Response to Corizon's Motion to Dismiss; Doc. 67, Response to Centurion's Motion to Dismiss).

Centurion contends that the Second Amended Complaint should be dismissed as a shotgun pleading. Centurion's Motion to Dismiss at 5–9. Centurion argues that the Second Amended Complaint combines multiple allegations against multiple defendants under the same count, making it difficult to frame a responsive pleading. The Court agrees. As a result, the Court will dismiss the Second Amended Complaint and give Plaintiff one final opportunity to file a complaint that complies with federal pleading standards.

## I. Shotgun Pleadings

Rule 8(a) of the Federal Rules of Civil Procedure requires, among other things, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing

so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense." <u>Id.</u> "The 'self-evident' purpose of these rules is 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading.'" <u>Barmapov v. Amuial</u>, 986 F.3d 1321, 1324 (11th Cir. 2021) (alteration omitted) (quoting <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1320 (11th Cir. 2015)). "These rules were also written for the benefit of the court, which must be able to determine 'which facts support which claims,' 'whether the plaintiff has stated any claims upon which relief can be granted,' and whether evidence introduced at trial is relevant." <u>Id.</u>

The "notice pleading" standards that Rule 8(a) embodies are liberal. They do "not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim," but they do require "that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001) (quoting <u>In re Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Complaints that violate either Rule 8(a) or Rule

10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"
Weiland, 792 F.3d at 1320.

The problem with shotgun pleadings is that they "waste scarce judicial
resources, inexorably broaden the scope of discovery, wreak havoc on appellate
court dockets, and undermine the public's respect for the courts." Vibe Micro,
Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted
and internal quotation marks omitted). "Shotgun pleadings are flatly forbidden
by the spirit, if not the letter, of these rules because they are calculated to
confuse the enemy, and the court, so that theories for relief not provided by law
and which can prejudice an opponent's case, especially before the jury, can be
masked." Barmapov, 986 F.3d at 1324 (quotation marks and citation omitted).

The Eleventh Circuit has "identified four rough types or categories of
shotgun pleadings." Weiland, 792 F.3d at 1321. The first and "most common
type—by a long shot—is a complaint containing multiple counts where each
count adopts the allegations of all preceding counts, causing each successive
count to carry all that came before and the last count to be a combination of
the entire complaint." Id. The second and "next most common type … is a
complaint … replete with conclusory, vague, and immaterial facts not
obviously connected to any particular cause of action." Id. at 1321–22. The
third type is a pleading that does "not separat[e] into a different count each

cause of action or claim for relief. Id. at 1322–23. And the fourth type is a pleading that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

## II. The Second Amended Complaint

Plaintiff's Second Amended Complaint typifies the first type of shotgun pleading identified in Weiland. But it also has characteristics of the second, third, and fourth types of shotgun pleadings as well.

The Second Amended Complaint is organized into three "claim[s]" or counts. The first claim alleges "Inadequate Medical Care" in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Sec. Am. Compl. at ECF p. 7. Claim One contains allegations (some of them vague and conclusory) against all four defendants for different acts or omissions that span the course of months. Plaintiff states that he was first injured on November 15, 2015, at a time when FDOC had a contract with Corizon to provide healthcare services to inmates. Id. at ECF p. 6. He asserts that every

defendant – Centurion, Dr. Colombani, Nurse Fuller, and Corizon – "declined to provide treatment for hip injuries by an orthopedic specialist" because of a "customary policy, malicious intent, <u>or</u> negligent incompetence." <u>Id.</u> at ECF p. 7 (emphasis added). Plaintiff says that Centurion restricted pain medication for shoulder and hip injuries to 30 ibuprofen tablets every 90 days, but it is unclear what this has to do with his remaining allegations. <u>Id.</u> He asserts in conclusory fashion that Corizon, Dr. Colombani, and Centurion (but not Nurse Fuller) "demonstrated a total reckless disregard for a serious medical need that placed the plaintiff at risk of potential serious medical/ physical injury and imminent danger of being [permanently] disabled." <u>Id.</u> Plaintiff next alleges that for 26 days, Dr. Colombani, Nurse Fuller, and Corizon (but not Centurion) intentionally delayed ordering and/or performing a shoulder x-ray "for an obvious injury," but he does not describe what made his injury "obvious." <u>Id.</u> He also alleges that Dr. Colombani, Nurse Fuller, Corizon, <u>and</u> Centurion delayed performing computed tomography (CT) scans of the pelvic area for over three months "and have since refused to [perform] the recommended MRI." <u>Id.</u> He does not say who recommended an MRI. According to Plaintiff, "through a policy and practice defendants have shown a complete and deliberate indifference to his serious medical needs which remain currently untreated," but he offers no details about this alleged policy or practice. <u>Id.</u> at ECF pp. 7–

6

8. He says that each defendant was "pretending to act under color of law and is the sole, proximate cause of damages." Id. at ECF p. 8.

The second claim alleges "Delayed Medical Care" in violation of the Eighth and Fourteenth Amendments. Id. Plaintiff realleges and incorporates each of the allegations contained in Claim One, such that all of the allegations in Claim One carry over into Claim Two. Id.; see also Weiland, 792 F.3d at 1321 (describing the most common type of shotgun pleading as one that "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before."). Plaintiff alleges that Corizon "operated under a policy and practice that allowed Dr. Colombani to restrict appropriate diagnosis and [treatment] of Plaintiff's injuries … due to monetary cost." Sec. Am. Compl. at ECF p. 8. He also alleges that Nurse Fuller "while acting under policy and practice of above defendants corporations," i.e., both Corizon and Centurion, "indicated by record that no injuries were present" and that outside medical care was unnecessary. Id.[2] In the same paragraph, he also accuses Nurse Fuller of falsifying official medical records, but he does not allege that she did so pursuant to any policy or custom. Sec. Am. Compl. at ECF p. 8. Plaintiff states

---

[2]      FDOC had only one medical service contractor at a time: Corizon was the medical service provider from September 2013 until May 2016, at which time Centurion took over as the provider. (See Doc. 60 at 2).

that a letter from January 15, 2016 "validates [that Plaintiff] suffered a 1.3 cm fracture fragment in his right shoulder." Id. He alleges that Dr. Colombani acted with deliberate indifference when, two months before that letter, Dr. Colombani concluded "that general x-rays of the hip were substantial," that Plaintiff's shoulder was "just bruised," and declined to refer Plaintiff to an orthopedic specialist. Id. at ECF pp. 8–9. Plaintiff claims that "the defendants named herein" have all shown deliberate indifference to his hip injury by failing to treat him for his "hip/pelvic injury," resulting in "a degenerative condition of osteoarthritis." Id. at ECF p. 9. Plaintiff further alleges that "by policy of customary practice" – he does not say whose policy or practice – he has not received "proper physical therapy and/or follow up from his shoulder surgery resulting in a partially frozen shoulder with roughly [65%] mobility." Id.; see also id. at ECF p. 5 (alleging that he has limited mobility in his arm because of a lack of post-surgical care in 2018). As with Claim One, Plaintiff combines allegations against different defendants for different acts resulting in different injuries under one claim.

Finally, in Claim Three Plaintiff alleges "Cruel [and] Unusual Punishment" in violation of the Eighth and Fourteenth Amendments. Id. He "alleges and realleges the facts incorporated in Grounds (Claims) one (1) thru two (2) herein for reference," id., once again "causing [the] successive count to

8

carry all that came before and the last count to be a combination of the entire complaint," <u>Weiland</u>, 792 F.3d at 1321. Plaintiff asserts that the defendants' "failure to treat and/or monitor his serious medical needs/ injuries" subjected him "to potential risk of imminent danger and serious [permanent] injury." Sec. Am. Compl. at ECF p. 10. He also alleges that the defendants' "total disregard for his well being and basic human decency, as evidenced by intentional delays in diagnosing and/or treating his injuries, subjected him to a wanton infliction of pain and suffering." <u>Id.</u> Plaintiff contends that the defendants' "neglect … demonstrate[s] a total deliberate indifference to his serious medical needs which, left untreated, could render him becoming permanently disabled due to a lack of care." <u>Id.</u> Each of these allegations is a formulaic recitation of labels and conclusions, not an allegation of fact.

It does not help that additional facts that might be relevant to some of the claims are not alleged under any claim at all, but instead are alleged under Section II.D of the complaint form, where Plaintiff is supposed to describe only how each defendant acted under color of state or local law. <u>See</u> <u>id.</u> at ECF pp. 4–5. For example, there he asserts that Nurse Fuller "falsified an official state report/document and in doing so committed fraud" in violation of Florida Statutes Sections 838.022 and/or 839.13. <u>Id.</u> at ECF p. 4. He says this had a "ripple effect," which caused Dr. Colombani not to believe Plaintiff when he

first complained to medical staff about his injuries. See id. He then contradicts his allegations in Claims One and Two. Plaintiff alleges that because of the actions of Dr. Colombani and Nurse Fuller, but not Corizon, an x-ray of his shoulder was delayed for 26 days. Id. at ECF p. 5. He also alleges that because of Dr. Colombani's failure to refer Plaintiff's first hip x-ray to orthopedics (but not because of the actions or policies of Nurse Fuller, Corizon, or Centurion), he did not receive a CT scan of his pelvic area for several months. Id. He asserts that the actions of various defendants constituted medical negligence under Florida law. Id.

In short, the Second Amended Complaint contains allegations that are often vague and conclusory, and sometimes confusing and contradictory. Each count levels allegations against multiple defendants for multiple acts or omissions. "For example, Plaintiff commingles claims and fact allegations against Corizon, Fuller, and Colombani occurring from November 2015 to March 2016 with claims and factual allegations against Centurion occurring sometime in 2018. Thus, it is difficult to discern which allegations of fact are intended to support which claims for relief against Centurion." Centurion's Motion to Dismiss at 7–8. And each subsequent claim incorporates "the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

10

complaint." Weiland, 792 F.3d at 1321. "Incorporating the same allegations into every claim against two separate entities and two individuals makes it difficult to know which allegations of fact are intended to support which claims for relief and impermissibly forces the Court to sift through the facts presented" to decide which ones are material to a particular count. Centurion's Motion to Dismiss at 8 (citing Chudusama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997)).

That Plaintiff is pro se does not relieve him of responsibility not to file a shotgun complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) ("Nevertheless, we cannot act as de facto counsel or rewrite an otherwise deficient [pro se] pleading to sustain an action." (citation omitted)). Although a court liberally construes a pro se plaintiff's allegations, Haines v. Kerner, 404 U.S. 519, 520–21 (1972), that does not mean a court may act as an attorney for the plaintiff, Freeman v. Sec'y, Dep't of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)). Indeed, "district courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff. By digging through a complaint in search of a valid claim, the courts 'would give the appearance of lawyering for one side of the controversy.'" Barmapov, 986 F.3d at 1328

(Tjoflat, J., concurring) (quoting <u>Jackson v. Bank of Am., N.A.</u>, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)).

Accordingly, the Second Amended Complaint is due to be dismissed as an impermissible shotgun pleading because it does not conform to the pleading requirements of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. This is the second time the Court has directed Plaintiff to refile the complaint because he failed to comply with federal pleading standards, even though the Court gave him detailed instructions in its prior Order. (<u>See</u> Doc. 58, Order Directing Plaintiff to File Second Amended Complaint). Because Plaintiff is pro se, the Court will give him another opportunity to file a proper complaint. However, the Court will not give Plaintiff endless opportunities to fix a defective pleading. If the next complaint fails to comply with the federal pleading requirements, the cause will be dismissed with prejudice.

### III.   Instructions to the Plaintiff

Plaintiff must file a third amended complaint if he desires to proceed with this case. In doing so, he must consider the following.

Federal Rule of Civil Procedure 8(a) requires a pleading to include a **short** and **plain** statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense." <u>Id.</u> A good rule of thumb is that the complaint should "separate each cause of action into a separate count and only name one defendant per count." <u>Richardson v. Bessemer Bd. of Educ.</u>, No. 2:19-cv-01032-JHE, 2020 WL 2527096, at *3 (N.D. Ala. May 18, 2020).

To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> That a court must accept factual allegations as true does not apply to legal conclusions. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

To proceed, Plaintiff must file a third amended complaint that satisfies these pleading requirements. In addition:

1. The third amended complaint must be on a civil rights complaint form.

2. The third amended complaint must be marked, "Third Amended Complaint."

3. The third amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

4. The third amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

5. The list of defendants named on the first page must match the list of named defendants in section I.B.

6. The third amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

7. In section II, "Basis for Jurisdiction," there must be a statement of the constitutional right or federal law that each defendant violated.

8. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation. Although the third amended complaint need not set forth detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, claims raised in the same complaint must be related to each other, meaning the claims must arise from the same basic issue or incident.

9. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

10. Under "Relief," there must be a statement of what Plaintiff seeks through this action. Plaintiff is advised that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)). A prisoner cannot obtain compensatory damages unless he has suffered a more than de minimis physical injury or been subjected to the commission of a sexual act. See 42 U.S.C. § 1997e(e).

> However, punitive damages, nominal damages, and injunctive relief may be available.

Plaintiff may submit exhibits with the third amended complaint.[3]

Plaintiff is reminded that an amended complaint supersedes the filing of the prior complaint and becomes the operative pleading. <u>Krinsk v. SunTrust Banks, Inc.</u>, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's third amended complaint must be complete, including all related claims he wishes to raise, and must <u>not</u> refer to the prior complaint(s). Additionally, any affidavits, supporting documents, and/or supplements should be included with the third amended complaint and marked as exhibits. After completing his third amended complaint, Plaintiff must mail it to the Court with a copy for each defendant.

Plaintiff is further advised that "[t]o set out a claim for deliberate indifference to medical need, [the plaintiff] must make three showings: (1) he had a serious medical need; (2) the [defendant] w[as] deliberately indifferent to that need; and (3) the [defendant's] deliberate indifference and [the plaintiff's] injury were causally related." <u>Hinson v. Bias</u>, 927 F.3d 1103, 1121 (11th Cir. 2019). "'[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment'

---

[3] Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

does not support a claim of deliberate indifference." Melton v. Abston, 841 F.3d 1207, 1224 (11th Cir. 2016) (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." (quotations and citation omitted)). To state a deliberate indifference claim against each Defendant, Plaintiff must allege that he had a serious medical need and **each Defendant** was deliberately indifferent to that need.

Plaintiff must sign and date the third amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the third amended complaint, he must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the

16

facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623, is punishable by a fine, imprisonment, or both.

The Court does not reach Corizon's argument that medical records conclusively refute Plaintiff's allegations against Dr. Colombani, Nurse Fuller, and Corizon. Corizon Motion to Dismiss at 2–6, 20–21. However, the Court warns Plaintiff that if he files a complaint whose factual allegations are found to be false or the arguments frivolous, he may be subject to sanctions under Rule 11, including dismissal of the case and monetary penalties.

Accordingly, it is hereby **ORDERED:**

1. Defendant Centurion of Florida, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 62) is **GRANTED** on shotgun pleading grounds. The Court does not reach Centurion's remaining arguments at this time.

2. "Defendants Corizon Health, Inc., Dr. Leslie Colombani and Jennifer Fuller's Motion to Dismiss or for Summary Judgment" (Doc. 60) is **DENIED AS MOOT**.

3. The Second Amended Complaint (Doc. 59) is **DISMISSED WITHOUT PREJUDICE**. The **Clerk** shall send Plaintiff a civil rights complaint form. By **December 8, 2021**, Plaintiff must complete the form, following the instructions given herein, and mail the third amended complaint to

17

the Court for filing. Also by **December 8, 2021**, Plaintiff must mail to the Court one copy of the third amended complaint for each named Defendant. Failure to comply may result in the dismissal of this case, with prejudice, without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2021.

HENRY LEE ADAMS, JR.
United States District Judge

lc 19
c:
John Will Kersey